891 F.2d 295
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Norman RING, Norma Ring, Fred Ashkenasy, Marian Ashkenasy
and Elizabeth Regan, Plaintiffs,
v.
JIM HANKOFF & ASSOCIATES, INC. and Stuart Newmeyer, Defendants.
and
Thomas F. White & Co., Inc., Thomas F. White and Paul
Meiners, Defendants-Appellees,
Jerome Edward Tarver and Dean Browning Webb, Real Parties in
Interest/Appellants.
Norman RING, Norma Ring, Fred Ashkenasy, Marian Ashkenasy
and Elizabeth Regan, Plaintiffs,
v.
JIM HANKOFF & ASSOCIATES, INC., Stuart Newmeyer, Thomas F.
White & Co., Inc., Thomas F. White and Paul
Meiners, Defendants-Appellees.
Jerome Edward Tarver and Dean Browning Webb, Real Parties in
Interest/Appellants.
 Nos. 87-6535, 87-6712.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 15, 1989.
Decided Dec. 7, 1989.
 
 Before SCHROEDER, BOOCHEVER, and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jerome Tarver and Dean B. Webb, attorneys for the plaintiffs in the underlying action, appeal from the district court's award of sanctions under Fed.R.Civ.P. 11 for the filing of a complaint without their having conducted reasonable inquiry into the underlying facts of the pleading. We review de novo the district court's conclusion that the facts constituted a violation of the Rule. Zaldivar v. City of Los Angeles, 780 F.2d 823, 828 (9th Cir.1986).
 
 
 3
 The complaint stated a claim of securities fraud, alleging that the defendants had orally misrepresented the status of securities in order to induce the investors to purchase the securities. The investors claimed the defendants orally described the bonds purchased as "general obligation bonds" when in fact the bonds were revenue bonds. In support of the claim, plaintiffs' attorneys had not only the statements of their clients, but the affidavit of a former employee of the defendants who stated that the defendants specifically instructed the affiant to tell investors that the bonds were general obligation bonds.
 
 
 4
 The district court nevertheless imposed sanctions on plaintiffs' counsel, apparently because it was clear from the face of the bonds themselves that they were not general obligation bonds. The material allegations of the complaint, however, concerned what the plaintiffs had been told before they received the bonds. With respect to those allegations, plaintiffs' counsel had not only spoken with plaintiffs but had confirmed their allegations with a former employee of the defendants. Therefore, oral misrepresentations in connection with the sale of bonds may be the basis for a claim for damages under the securities laws. See Hughes v. Dempsey-Tegelen & Co., Inc., 534 F.2d 156, 176-77 (9th Cir.), cert. denied, 429 U.S. 896 (1976). Plaintiffs' counsel conducted a reasonable inquiry to support the factual basis behind the allegations. See Zaldivar v. City of Los Angeles, supra, 780 F.2d at 831 (A "reasonable inquiry" is "that amount of examination into the facts and legal research which is reasonable under the circumstances of the case.") Accordingly, we find that plaintiffs' counsel should not have been sanctioned for violation of Rule 11.
 
 
 5
 A major portion of the appellees' brief is devoted to a request for sanctions against appellants for violations of our appellate rules. This request was orally withdrawn during oral argument.
 
 
 6
 Appellants' request for sanctions is denied. The order of the district court imposing sanctions is REVERSED. Costs are awarded to appellants.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3